IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DELMAR C. HUNT, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV141 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION, RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of Defendant, the Commissioner of Social Security, denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). Pending before the Court is Defendant's motion to dismiss Plaintiff's claim as time-barred. (Docket Entry 10.) Plaintiff has responded in opposition to the motion, and the matter is ripe for disposition. Also pending is Defendant's motion to strike Plaintiff's second memorandum in support of Plaintiff's response in opposition to the motion. (Docket Entry 21.) For the reasons set forth below, Defendant's motion to strike is denied and it will be recommended that the court grant Defendant's motion to dismiss.

**BACKGROUND**

Plaintiff filed an application for DIB benefits on November 13, 2007, alleging disability as of December 31, 2002. (Docket Entry 11-2 at 9.) Following an administrative hearing, an administrative law judge ("ALJ") issued a decision on July 1, 2009, finding that Plaintiff was not

disabled within the meaning of the Act at any time through December 31, 2002, his date last insured, and he was therefore not entitled to benefits under Title II of the Act. (*Id.* at 9-18.)

Plaintiff requested a review of the ALJ's decision by the Appeals Council. On November 30, 2009, the Appeals Council denied review and sent to Plaintiff, by mail, notice of the denial and of his right to commence a civil action with sixty (60) days from the date of receiving the notice. (Docket Entry 11 at 20-22.) This notice specifically informed Plaintiff of the sixty-day requirement, that the Appeals Council would presume receipt five days after the date stamped on the notice itself, and that Plaintiff could request an extension of time in which to file such an action. (Docket Entry 11 at 21-22.) *See* 42 U.S.C. §405(g). Plaintiff filed this action on February 17, 2010, more than sixty days after the Commissioner's decision. (Docket Entry 2.)

## DISCUSSION

Plaintiff, a *pro se* party proceeding *in forma pauperis*, filed his complaint in this court seeking to overturn the decision of Defendant to deny Plaintiff disability benefits. When reviewing a *pro se* complaint, federal courts should examine carefully the plaintiff's factual allegations, and not summarily dismiss the complaint "unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1977) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (federal courts should construe a *pro se* petitioner's pleading liberally, no matter how inartfully drafted).

Defendant contends that Plaintiff's complaint should be dismissed because it was filed more than sixty days after receipt of the final decision of the Commissioner. Section 405(g) of the Act provides, in relevant part: "[a]ny individual, after any final decision of the

2

Case 1:10-cv-00141-CCE-JLW   Document 26   Filed 12/31/12   Page 2 of 9

Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added). The sixty-day requirement is "not jurisdictional, but rather constitutes a period of limitations" which is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986). This limitations period has been modified by the Commissioner's regulations so that it begins only upon receipt of the notice, rather than upon its mailing. *See* 20 C.F.R. § 422.210(c). Social Security Administration ("SSA") regulations pertaining to judicial review provide:

> Any civil action [seeking judicial review of a decision by an [ALJ] if the Appeals Council has denied the claimant's request for review] must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision or notice of the decision by the Appeals Council is received by the individual . . . , except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, *the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.*

20 C.F.R § 422.210(c) (emphasis added). Thus, the regulations provide that the date of receipt of notice is presumed to be five days after the date of such notice and a plaintiff can rebut this presumption by making a "reasonable showing to the contrary" that he did not receive notice within five days. *Id.* If the plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision more than sixty days prior to filing the complaint in district court. *McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D.Va. 2005) (citing *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2nd Cir. 1984)).

3

The decision of the Appeals Council denying review in Plaintiff's case was dated November 30, 2009. Defendant has filed a declaration of an employee of the Office of Disability Adjudication and Review that a copy of the Appeals Council notice was mailed to Plaintiff at his address of record on November 30, 2009. (Docket Entry 11-2 at 3.) Counting the five-day receipt provision, Plaintiff had until February 3, 2010, to file his complaint for judicial review. The complaint was not filed in this court until February 17, 2010.

Plaintiff contends that he did not receive the Appeals Council notice until December 17, 2009. (Docket Entry 16 at 1.) Plaintiff has submitted no proof, other than his bare assertion, that he received the notice twelve days past the presumptive receipt date. Even that assertion is not contained in an affidavit but merely in Plaintiff's memorandum opposing the motion to dismiss. Courts have found that even sworn affidavits, without more concrete evidence, are insufficient to rebut the statutory presumption that the notice was received five days after it was received. *See Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption that the notice was received five days after it was sent"); *Velez v. Apfel*, 229 F.3d 1136, 1136 (2nd Cir. 2000) (a "conclusory allegation" of non-receipt does not constitute a reasonable showing); *Marte v. Apfel*, No. 96 Civ. 9024 (LAP), 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998) ("[A] plaintiff must do more than merely assert that he did not receive the notice within five days.").

Plaintiff simply has failed to make the necessary showing to rebut the presumption that he received the notice from the Appeals Council within five days of its mailing. Instead, Plaintiff offers confusing, often rambling, and irrelevant statements such as a narrative entitled "Letter from 1930's Finally Delivered to Stockton," describing a letter which was delivered seventy-three years after its postmark date (Docket Entry 24 at 6) or personal attacks on

Defendant's attorney (*Id.* at 10; *see also* Docket Entry 25 at 10). Further, Plaintiff asserts that he did not keep the envelope in which he received the notice because "if I kept ever[y] envelope I have got I would be buried in paper." (Docket Entry 24 at 6.) Even construing Plaintiff's pleadings liberally, the fact remains that Plaintiff's complaint was not filed in a timely manner.[1]

Furthermore, the circumstances in this case do not justify equitable tolling. The sixty-day time period may be equitably tolled under certain circumstances. *See Bowen*, 476 U.S. at 481 (holding that "traditional equitable tolling principle[s]" apply to the sixty-day requirement.) In most cases, the Commissioner determines whether to extend the sixty-day period, but a court may step in and extend the period in cases where the equities in favor of tolling the sixty days show that deference to the agency's judgment is inappropriate. *Id.* at 480. The application of equitable tolling is appropriate only in rare or exceptional circumstances. *Id.* at 480-81 (applying equitable tolling where the agency engaged in "secretive conduct"); *see also Hyatt v. Heckler*, 807 F.2d 376, 380-81 (4th Cir. 1986) (finding equitable tolling warranted where the SSA's "clandestine policy" of not following the law of the relevant circuit resulted in the denial of benefits for a class of claimants). The Fourth Circuit has cautioned, however, that tolling the limitations period "will rarely be appropriate." *Hyatt*, 807 F.2d at 378.

Here, Plaintiff did not request that Defendant enlarge his time to file his complaint. Plaintiff contends that he called and inquired of an agency employee on December 20, 2009, about the procedure required to seek judicial review of his claim. This employee, according to Plaintiff, told him, accurately, that the sixty days begin to run upon receipt of the notice. This argument, however, does not establish that Plaintiff received the notice on December 17, 2009,

---

[1] Plaintiff's pleadings and other filings are difficult to read and understand because of their rambling nature, use of all capital letters, improper line and paragraph spacing, and lengthy quotations from cases, statutes and regulations which are not in proper form. Even taking into account Plaintiff's *pro se* status, his briefs and memoranda do not serve his cause well. The court has attempted to overlook these failings in order to best glean his arguments and properly determine their merit.

and, moreover, it shows that Plaintiff was aware of the importance of the deadline in which to file his complaint.

Plaintiff appears to offer four reasons in support of equitable tolling in his case: (1) he was unable to find necessary information to support his claim; (2) his physical and mental condition prevented him from timely filing or understanding the need to file a timely request; (3) "the Courts gave [him] incorrect or incomplete information about when and how to request administrative review or to file a civil suit"; and (4) the existence of "extraordinary circumstances" in accord with 20 C.F.R. § 404.911. (Docket Entry 16 at 9-10.) Plaintiff's first justification, concerning his inability to find the necessary information to support his claim, is not material to the issue and provides no basis for tolling of the limitations period. Plaintiff clearly was informed of his right to request an extension from Defendant, but there is no indication that he requested such an extension or a waiver of the sixty-day limitations period pursuant to 20 C.F.R. § 404.911. Moreover, as noted by Defendant, judicial review under the Act is usually focused on the transcript of the administrative proceedings and, in most cases, does not involve the submission of additional evidence.

Plaintiff's assertion that his impairments led to the untimely filing of his complaint is without merit. Plaintiff has offered no explanation as to how his impairments prevented him from filing his complaint (or from requesting an extension) within the statutory limitations period. Moreover, Plaintiff's actions and filings simply are inconsistent with the argument that his health impaired his ability to timely file his complaint. Plaintiff actively sought information from the SSA as to how to timely file a complaint in district court. (*See* Docket Entry 16 at 1.) He has made no showing that he was hindered by his impairments such that he had to file his complaint two weeks past the deadline for doing so. In fact, Plaintiff devotes the first section of

his responsive memorandum to arguing that his complaint was timely filed. It defies logic to argue that he believed his complaint was timely filed while simultaneously arguing that his impairments prevented him from complying with the limitations period prescribed by 42 U.S.C. § 405(g).

With regard to his third justification for untimely filing, Plaintiff has alleged no facts which would suggest that he was misled by the agency or by the court. In fact, the information submitted by both parties clearly shows that Plaintiff received accurate information from Defendant regarding the procedure for filing a civil action in federal court, as well as proper instructions regarding the statute of limitations and the procedure for requesting additional time. (Docket Entry 11-2 at 2-3.) The letter he received from the Appeals Council denying his request for review clearly stated that his complaint must be filed within sixty days. (*Id.* at 6.) Plaintiff asserts that he had a conversation with an agency employee on December 20, 2009, but even Plaintiff's recitation of that event shows that he received accurate information: "I spoke with Mrs. Yolanda Graves on December 20, 2009 and was told that as long as the United States District Court received my notice of suit within 60 days that I received that mailing. . . ." [sic] (Docket Entry 16 at 1.)

Finally, Plaintiff's fourth argument, regarding exceptional or unavoidable circumstances under 20 C.F.R. § 404.911(b)(9), is likewise without merit. This regulation deals with situations where a plaintiff fails to submit a timely request for review at the administrative level, and lists examples of circumstances where good cause for delay might exist. The corresponding section governing requests for additional time to file actions in district court is 20 C.F.R. § 404.982; this section does, however, incorporate the standards set forth in 20 C.F.R. § 404.911 for determining whether good cause exists to excuse untimeliness. "[I]t is not the court's role simply to

7

determine, as the Commissioner may, that 'good cause' exists to toll the 60-day limit. Rather, the court's equitable discretion to overlook plaintiff's untimely filing should be exercised only when the equities tip significantly in favor of tolling." *Hines v. Barnhart*. No. 5:04-CV-726-FL, 2006 U.S. Dist. LEXIS 92398, at *18 (E.D.N.C Jan. 25, 2006). As noted in *Hines*, "Congress has delegated to the Commissioner the primary authority to waive the 60-day statutory limitations period . . . and courts should extend their equitable powers in contravention of this delegated authority only sparingly." *Id.* at *18-19 (internal quotation omitted). Plaintiff simply has not shown extraordinary circumstances sufficient to warrant the application of equitable tolling. He argues, *inter alia*, that his health has deteriorated, that the postal service is slow, and that the Constitution was enacted to protect law abiding citizens; these arguments are all immaterial to the issue of whether he has demonstrated good cause for his delay.

Defendant has also moved to strike Plaintiff's second memorandum in opposition to Defendant's motion to dismiss. The basis for the motion is that Plaintiff has submitted additional evidence, by way of his memorandum, which is irrelevant to the motion to dismiss "because it does nothing to show that Plaintiff's complaint was timely filed or that equitable tolling is warranted." (Docket Entry 22 at 1.) In light of Plaintiff's *pro se* status, the court has examined Plaintiff's memorandum (Docket Entry 17) which is the subject of the motion to strike. While the memorandum is not particularly helpful or enlightening, the court declines to grant the motion to strike. However, there is no evidence or argument presented by Plaintiff in this memorandum which convinces the court that Plaintiff either has rebutted the presumption of receipt of the Appeals Council notice or that the principles of equitable tolling should be applied to excuse his late filing.

8

## CONCLUSION

For the reasons stated above, Defendant's motion to strike (Docket Entry 21) is **DENIED**. Further, this court **RECOMMENDS** that Defendant's motion to dismiss (Docket Entry 10) be **GRANTED** and that the action be dismissed.

_____
United States Magistrate Judge

Durham, North Carolina
December 31, 2012